UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY MANENO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-1426 |
| ) | Crim. Case No. 12-10155 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Maneno's § 2255 Motion to Vacate, Set Aside, or Correct Sentence and Motion for Leave to File an Amended Motion. For the reasons set forth below, Petitioner's Motion [1] is DISMISSED.

### BACKGROUND

Petitioner filed this § 2255 action seeking to vacate, set aside, or correct her sentence seeking a reduction in sentence for her "minor role" in her criminal conduct. Although she cites no authority in support of her contention, the Court presumes that she is referring to a role reduction pursuant to Amendment 794 to the Sentencing Guidelines and the Ninth Circuit opinion in *United States v. Quintero*-Leyva, 823 F.3d 519 (2016). Petitioner pled guilty to conspiracy to manufacture methamphetamine and was sentenced to 60 months' imprisonment in May 2015. She did not pursue a direct appeal.

### STANDARD OF REVIEW

A petitioner may avail herself of § 2255 relief only if she can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or

result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude*.*" *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Petitioner claims in her § 2255 Motion that her sentence is invalid because Amendment 794 to the Sentencing Guidelines entitles her to a reduction for having played a minor role in the offense.  Initially, the Court notes that errors in the application of the sentencing guidelines cannot be raised in 2255 motions as long as a defendant's sentence is within the range provided by the statute of offense.  *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (holding that sentencing guideline calculation errors are nonconstitutional and are therefore not reviewable in 2255 proceedings.)

Moreover, Amendment 794 became effective on November 1, 2015, and applies to U.S.S.G. § 3B1.2 to arguably make it easier for a defendant to qualify for a mitigating role in the offense and receive a lower sentence.  However, Amendment 794 has not been made retroactive to cases on collateral review.  Even in *Quintero-Leyva*, the Ninth Circuit only extended the change to apply to cases pending on direct appeal and specifically declined to address whether the amendment was available to defendants who had exhausted their direct appeal.  823 F.3d at

521, n. 1.  Assuming that the Seventh Circuit agrees that Amendment 794 is applicable on direct review, this would still not allow Petitioner to benefit from the decision as her direct appeal became final months before the amendment became effective.

Therefore, Petitioner is not entitled to relief at this time.  The case is dismissed without prejudice to refiling if and when Amendment 794 is made retroactive to afford relief on collateral review.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the claims are based on an erroneous interpretation of the holding in *Quintero-Leyva* as well as the applicability of Amendment 794.  No reasonable jurist could conclude that Petitioner's claims were not either devoid of factual support or premature at best.  Accordingly, this Court will not issue her a certificate of appealability.

### CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DISMISSED without prejudice as premature.  This matter is now terminated.

ENTERED this 15th day of November, 2016.

    s/ James E. Shadid
    James E. Shadid
    Chief United States District Judge